# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 16-40009-TSH |
| COURTNEY SPAN, and, | ) | |
| STACIA RICHARDSON SPAN, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## ORDER ON MOTION TO RECONSIDER CONTRIBUTION TO COST OF APPOINTED COUNSEL

### August 9, 2016

Hennessy, M.J.

Defendants, husband and wife, jointly move for relief from an order of this court requiring each of them to contribute $250 per month to the cost of appointed counsel.  See Docket No. 38.  To that end, Defendants propose that all contributions they have made pursuant to the court's order be applied to the restitution amount of $52,389 which District Judge Hillman ordered.  See Judgments filed August 4, 2016.  For the reasons stated below, the motion is denied.

**Factual Background**

Courtney Span and his wife Stacia Richardson-Span were originally charged by criminal complaint with conspiracy to convert government property, in violation of 18 U.S.C. § 371.  Courtney Span was also charged with the substantive offense of theft of government property, in violation of 18 U.S.C. § 641.  See Docket No. 4.  The complaint alleged, in substance, that for approximately four years after the death of Mrs. Span's mother in 2010, Mr. and Mrs. Span

1

failed to notify the Social Security Administration of the death, and instead collected and

converted to their personal use more than $55,000 in Social Security benefits intended for Mrs.

Span's mother.  Id. ¶ 7.

At the initial appearances of each Defendant, the court reviewed financial affidavits and

requested supplemental financial information.  See Docket Nos. 8 and 9.  On the basis of these

submissions, the court appointed counsel for each Defendant.  Id.  The court released

Defendants with no financial condition.  See Docket Nos. 11 and 12.  However, after a hearing,

the court ordered each Defendant to contribute $250 per month toward the costs of appointed

counsel.  See Docket Nos. 16 and 17.  In relevant part, the order provided:

> [P]ursuant to 18 U.S.C. § 3006A(f), the court hereby orders as follows:
>
> By no later than the last business day of each month while this case is pending, and
> beginning on December 30, 2015, Defendant shall mail by first class mail or hand deliver a
> check for $250 to the Clerk's Office, U.S. District Court, 595 Main Street, Worcester,
> Massachusetts 01608.  The check shall be made payable to "Clerk, U.S. District Court," and
> on the check shall be noted the docket number of this case, which is 15-4401-DHH, and the
> words, "CJA payment."[1]

Id.

In February 2016, the United States filed a one-count information charging Defendants

with Theft of Government Property and Aiding and Abetting.  See Docket No. 19.  The

information alleged that the value of the property stolen was $52,389.  Id.  On March 22, 2016,

Defendants waived indictment and pleaded guilty to the information.  See Docket Nos. 22-25.

In written plea agreements, Defendants agreed to forfeiture of a total of $52,389.  See Docket

Nos. 28 and 29.  Judge Hillman scheduled sentencing for June 20, 2016, see Docket Nos 24 and

25; however, the United States moved to continue sentencing to July 12, 2016, see Docket Nos.

---

[1] The order in Stacia Richardson-Span's case is in docket number 15-4402-DHH.

2

34 - 36.  Sentencing was held on that date.  See Docket Nos. 43-44.  The judgments, filed on

August 4, 2016, order Defendants to make restitution in the amount of $52,389.[2]

**Analysis**

The Criminal Justice Act provides in relevant part:

Whenever the United States magistrate judge or the court finds that funds are available for payment from or on behalf of a person furnished representation, it may authorize or direct that such funds be paid to … the court for deposit in the Treasury as a reimbursement to the appropriation[.]

18 U.S.C. § 3006A(f).

The Guide to Judiciary Policy also addresses an eligible defendant's contribution to the

cost of appointed counsel.  It provides, in part:

If a person's net financial resources and income anticipated prior to trial are in excess of the amount needed to provide the person and that person's dependents with the necessities of life and to provide the defendant's release on bond, but are insufficient to pay fully for retained counsel, the judicial officer should find the person eligible for the appointment of counsel under the CJA and should direct the person to pay the available excess funds to the clerk of the court at the time of such appointment or from time to time thereafter.

(a)  Such funds must be held subject to the provisions of 18 U.S.C. § 3006A(f).

(b)  The judicial officer may increase or decrease the amount of such payments, and impose other conditions from time to time as may be appropriate.

Guide to Judicial Policies and Procedures, Vol. 7, § 210.40.40(a) and (b).

As an initial matter, it is not clear that the court has the authority to grant the relief

Defendants seek.  Defendants are not asking the court to adjust through an increase or decrease

the amount of money they were directed to contribute for the cost of appointed counsel; they

---

[2] The judgment does not indicate whether liability for this amount is joint and several.  However, the charging documents demonstrate that this amount represents the total value of the government property that is the subject of the offense of conviction.

3

seek an order that would apply the contributions already made at a fixed amount to the restitution component of the sentences ordered by Judge Hillman.  Defendants point to no authority that allows the magistrate judge to direct that monies paid to the Treasury toward the cost of appointed counsel be taken from the Treasury and paid as restitution to a crime victim, in this case the Social Security Administration.  Hence, I deny the motion.

However, even assuming that Defendants demonstrated that I have such authority, the next question is whether the exercise of such authority is appropriate.  I find that it is not and, except as noted below, would deny the motion on the merits.  The thrust of Defendants' argument is that the defense of this case did not require much in costs and resources.  Defendants note -- and the record certainly bears this out -- they were cooperative in obtaining a prompt resolution of the criminal case, including an agreement to repay the Social Security Administration the more than $52,000 in benefits they converted to their personal use.  They argue also that the case was uncomplicated and did not require counsel to expend significant resources and money in reviewing discovery and otherwise defending the case.  They note that the case was pending for a month longer than necessary because the United States moved to continue sentencing from June to July.  Finally, they argue that fairness supports applying the money they contributed for the cost of appointed counsel to restitution.  Except as noted below, I reject these arguments.

It is commendable that Defendants were cooperative in resolving this case and agreed to make full restitution; however, the acceptance of responsibility they have demonstrated is captured in the non-jail, probationary sentences each received.  As Defendants recognize in their sentencing memoranda, each of them faced an advisory GSR of 6 to 12 months, and in arguing for no jail, each Defendant acknowledged that their actions were serious and unlawful, and that

4

they were prepared to repair the wrong by repaying the Social Security Administration.  See
Docket Nos. 39 and 40.  In addition, each faced up to ten years' imprisonment and a fine of up to
$250,000.  See 18 U.S.C. §§ 641 and 3571(b)(3).  In this court's view, the good Defendants have
done in response to being charged in this case has been rewarded in the non-jail sentences Judge
Hillman imposed.

Insofar as Defendants rely on the uncomplicated nature of the defense, they offer no
evidence to suggest that the amount that they contributed exceeded the costs incurred by the
taxpayers in funding their counsel.  If this were so, I would have to take a different view of the
motion.  In addition, given that each Defendant was required to contribute $250 for each month
of representation, Defendants were arguably the financial beneficiaries of the relatively simple
nature of the evidence and the case, and hence the brevity of the prosecution.  Indeed, I calculate
that each Defendant contributed a total of $2,000 for appointed counsel's representation.

I am sympathetic to the argument that each Defendant incurred an additional $250 cost
because the United States moved to continue sentencing from June until July.  If Defendants
were to show that I have the authority to grant the relief they request, I would allow the motion
to the extent that they incurred an additional $250 to accommodate a motion by the United States
to continue sentencing, and, if I am authorized, order the $250 paid by each Defendant in July
2016 to be applied to the restitution obligation.

As to the question of fairness, this argument is undeveloped and unpersuasive.  Indeed, I
think fairness points to a very different result.  As to contributions for the cost of counsel, each
Defendant made a very modest contribution to the cost of appointed counsel and, as the
sentences each Defendant received shows, each was well-served by the talents and experience of
appointed counsel.  As far as restitution goes, this is not a case of a defendant going above and

5

beyond.  Defendants are doing no more than paying back the money they stole.  At the risk of belaboring this, fraud on the Social Security Administration impacts many people who actually need its help.  Defendants are not in that category of need.  Richardson-Span has a degree in psychology from Fitchburg States University.  She and her husband worked for the Commonwealth for over 25 years.  They are retired with pensions and, if they choose, are still at a point in life where they could pursue new earning opportunities.  <u>See</u> Docket Nos. 39 and 40. In this court's view, what Defendants propose is somewhat like robbing Peter to pay Paul.  I think fairness is achieved by the obligations the court has imposed: that they contribute to the cost of appointed counsel, and that they pay the Social Security Administration the money they stole.

The motion is denied.

<u>/s/ David H. Hennessy</u>
David H. Hennessy
United States Magistrate Judge